**WIlliam R. GIRTH, Plaintiff-Appellant,**

v.

**BEATY GROCERY COMPANY, Inc., a Corporation, and Hy-Klas Food Products, Inc., a Corporation, and LeRoy Lane, Defendants-Respondents.**

**No. 52089.**

Supreme Court of Missouri,
Division No. 1.

Nov. 14, 1966.

Maurice Pope, St. Joseph, Alfred A. Fiedler, Omaha, Neb., for appellant.

Strop, Watkins, Roberts & Hale, by O. W. Watkins, Jr., St. Joseph, for respondents.

WESTHUES, Special Commissioner.

Plaintiff William R. Girth filed this suit in the Circuit Court of Buchanan County, Missouri, against defendants Beaty Grocery Company, Inc., a corporation, and Hy-Klas Food Products, Inc., a corporation, and LeRoy Lane to recover damages in excess of $40,000 for personal injuries alleged to have been sustained in a collision of a car operated by plaintiff and a truck operated by defendant.

Plaintiff alleged in his petition that the collision occurred on December 22, 1961, in the State of Iowa, on U. S. Highway No. 59, eight miles north of Shenandoah. Plaintiff stated that he was a resident of Missouri and that defendant corporations were Missouri corporations, having their main place of business in the City of St. Joseph, Missouri; that defendant LeRoy Lane, a Missouri resident, was the driver of the truck which collided with plaintiff's car; that said truck was owned by the defendant corporations.

Plaintiff filed his petition on April 30, 1965, three years and four months after the alleged injuries were sustained.

The defendants filed a motion to dismiss the petition on the ground that by "the provisions of Chapter 614 of the statutes of Iowa, actions for personal injuries are barred by limitations within two years"; that by virtue of Sec. 516.190 (formerly Sec. 516.180), V.A.M.S. (1965 Pocket Part), a cause of action barred by the laws of the State of Iowa where the cause originated is likewise barred in Missouri. The trial court sustained the motion and dismissed the petition. Plaintiff appealed to this Court.

In his brief, plaintiff says that the question to be decided in this case is this: "Does the two-year Iowa Statute of Limitations apply under the 'center of gravity' theory or does the Missouri five-year Statute of limitations apply to this action?"

In the argument of the brief, plaintiff states that "The Court is faced with a somewhat 'new' theory of the law of conflicts, however, we will cite cases wherein the Courts of other states have completely by-

passed the Statutes of the State wherein an accident actually occurred. This has been called the 'center of gravity' theory. It has been principally applied in 'wrongful death limitation' Statutes and 'Guest Statutes', however, if it is applicable as to one Statute it should apply as to all statutes, yes, including a Statute of Limitations."

The statutory provisions applicable to the questions before us are as follows: Section 614.1(3), Iowa Code Annotated, provides that "Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

\* \* \* \* \* \*

"3. \* \* \* Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years; \* \* \*."

Our statute, Section 516.190, supra, governing this situation, provides that "Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state."

In his brief in Point Relied On, the plaintiff stated that "Whenever the Courts Are Confronted with a Conflict of Laws Problem As to Which Law Governs, the Law to Be Applied Is That of the State of Domicile of the Parties If They Are All Residents of the Same State." Cases were cited, a number of which we shall consider in this opinion.

In his brief, plaintiff has completely ignored our statute, Section 516.190, supra. It was not even mentioned. We are asked to by-pass the Iowa Statute of Limitations on the theory that that statute conflicts with our statute of limitations. However, Section 516.190 makes the Iowa limitation statute our own. So, there is no conflict. The Legislature has the authority and power to enact statutes of limitations and this Court may not ignore or by-pass such laws. This

question has been before the courts of this state on a number of occasions. Christner v. Chicago, R. I. & P. Ry. Co., 228 Mo.App. 220, 64 S.W.2d 752, 1. c. 754(1–4); Devine v. Rook, Mo.App., 314 S.W.2d 932, 1. c. 935(3); Jenkins v. Thompson, Mo., 251 S.W.2d 325, 1. c. 328(3). In each case, it was held that Section 516.190 controlled cases such as that now before us. The fact that all the parties were residents of this state does not alter the situation. The statute is plain and unambiguous. Many states have adopted similar statutes. See 53 C.J.S., Limitation of Actions § 31, p. 976, and cases there cited.

We rule that no conflict of law problem is presented but that under our Missouri statute of limitations, Section 516.190, plaintiff's cause was barred at the time his petition was filed.

Plaintiff briefed and cited cases on the theory that the Iowa limitation statute was in conflict with our five-year statute of limitations governing tort actions. As we have pointed out, such is not the case because plaintiff's action comes under our statute, Section 516.190, and not under the five-year statute. Plaintiff cited cases such as Kilberg v. Northeast Airlines, Inc., 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526. In that case, the New York court refused to follow a Massachusetts statute limiting the amount recoverable in a death case. The court held such a limitation to be against the public policy of New York. A like ruling was made in the case of Pearson v. Northeast Airlines, Inc., 2 Cir., 309 F.2d 553, 92 A.L.R.2d 1162. In Fabricius v. Horgen, 132 N.W.2d 410, the Iowa Supreme Court, in deciding a case where the injury had occurred in Minnesota and all parties concerned lived in Iowa, held that as to the existence of actionable negligence the law of Minnesota governed but as to who may maintain the action and the measure of damages the Iowa law governed. In the case of Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796, the Supreme Court of Pennsylvania ruled, in a death case which was the result of an airplane crash

in Colorado on a flight from Pennsylvania to Arizona, that the Pennsylvania law of damages was applicable.

It is apparent that the above-noted cases are not in point on the question before us. It must be noted that in not one of them did the court go contrary to or by-pass a statute of its own state that governed the question to be decided.

The trial court ruled correctly in dismissing plaintiff's petition on the ground that the action was barred by Section 516.190, supra. The judgment of the trial court is hereby affirmed.

PER CURIAM:

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.