Colleen F. BOWLING, Plaintiff-Appellant,

v.

S. S. KRESGE COMPANY et al., Defendants-Respondents.

No. 52865.

Supreme Court of Missouri, Division No. 2.

July 8, 1968.

Motion for Rehearing or for Transfer to Court En Banc Denied Sept. 9, 1968.

Darrell L. Havener, Marvin C. Hayward, Clayton R. Smalley, Kansas City, for plaintiff-appellant, Watson, Ess, Marshall & Enggas, Kansas City, of counsel.

William H. Sanders, William W. LaRue, Kansas City, for defendant S. S. Kresge Co., Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, of counsel.

F. Philip Kirwan, Charles W. Medley, Robert A. Goodman, Kansas City, for defendant Harris Upham & Co., Margolin & Kirwan, Kansas City, of counsel.

John Murphy, Richard B. McKelvey, Kansas City, for defendant-respondent J. C. Penney Co., Tucker, Murphy, Wilson, Lane & Kelly, Kansas City, of counsel.

DONNELLY, Judge.

This appeal involves plaintiff Colleen F. Bowling, a resident of Jackson County, Missouri, and defendants S. S. Kresge Company and J. C. Penney Company. Defendants filed motions to dismiss plaintiff's petition which were sustained by the trial court. Plaintiff appealed. We affirm.

According to plaintiff's petition, on or before March 26, 1948, plaintiff was the owner of certificates for 100 shares of common stock in Kresge and 100 shares (now 300 shares) of common stock in Penney. She delivered the certificates to W. C. Sylvester, an investment counselor, now deceased. Sylvester, between August 2, 1949 and September 18, 1950, forged plaintiff's signature on assignment forms and delivered the certificates to a broker for sale, all without plaintiff's knowledge or consent. He periodically deposited dividends in plaintiff's bank account. Sylvester became ill in 1962. Plaintiff learned of the illness, demanded her stock certificates, and first learned that they had been transferred in the State of New York on the transfer books of Kresge and Penney. On December 14, 1962, Kresge refused, upon demand, to issue new certificates to plaintiff. On April 11, 1963, Penney refused, upon demand, to issue new certificates to plaintiff. Plaintiff filed her suit on August 23, 1963, asking money damages or, in the alternative, for an order compelling the issuance of new certificates.

Plaintiff concedes that neither Kresge nor Penney, nor their agents, were guilty of fraud. It is also stipulated, or pleaded, by plaintiff that the action was not brought within ten years after the transfers were made by Kresge and Penney.

Kresge and Penney assert that plaintiff's cause of action is barred by Missouri or by New York statutes of limitation. Section 516.110 RSMo 1959, V.A.M.S. (10 years); New York, CPA, § 53 (10 years), now CPLR, § 213 (6 years). We hold that plaintiff's cause of action is barred by the New York statute of limitation.

Section 516.190 RSMo 1959, V.A.M.S., reads as follows:

"Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state."

 The effect of § 516.190, supra, is to adopt and make as Missouri's own the statute of limitation of New York. Jenkins v. Thompson, Mo.Sup., 251 S.W.2d 325. No conflict of laws question is presented when § 516.190, supra, is involved. Girth v. Beaty Grocery Company, Mo.Sup., 407 S.W.2d 881. And, when the New York statute of limitation is "borrowed," the court decisions of New York, which interpret and apply it, are taken along with it. Wojtylak v. Kansas & Texas Coal Co., 188 Mo. 260, 87 S.W. 506.

The courts of the State of New York hold that when a stock transfer is made without authority of the true owner, a cause of action accrues *at once* against the corporation, and the New York statute of limitation commences running, regardless of whether or not the true owner had knowledge of the wrongful or unauthorized transfer. Glover v. National Bank of Commerce, 156 App.Div. 247, 141 N.Y.S. 409; Seymour v. Mechanics & Metals National Bank, 199 App.Div. 707, 192 N.Y.S. 588; Siegrist v. American Sugar Refining Company, 289 N.Y. 602, 43 N.E.2d 832; Siegrist v. American Locomotive Company, 289 N.Y. 604, 43 N.E.2d 833.

Plaintiff urges, however, that her cause of action "originated" in Missouri,

and that § 516.190, supra, does not apply. She contends that because she received notice in Missouri of the breach, and because she is a resident of Missouri and was "harmed" in Missouri, her cause of action originated in Missouri. We do not agree. Whether plaintiff's cause of action is a legal one for tort or an equitable one for violation of a fiduciary duty, the breach occurred, and her cause of action came into being, complete and ascertainable as a legal injury, when the certificates were cancelled and the transfers made in the State of New York. Plaintiff's cause of action originated in New York and is barred by the New York statute of limitation.

The judgment is affirmed.

All of the Judges concur.