**Orma GATES, Plaintiff-Appellant,**

**v.**

**TRANS WORLD AIRLINES, Defendant-Respondent.**

**No. KCD26074.**

Missouri Court of Appeals, Kansas City District.

April 2, 1973.

Jack C. Terry, Independence, for plaintiff-appellant.

Karl F. Schmidt, Robert M. Kroenert, Morrison, Hecker, Cozad, Morrison & Curtis, Kansas City, for defendant-respondent.

Before DIXON, C. J., and SWOFFORD and PRITCHARD, JJ.

DIXON, Chief Judge.

Orma Gates filed suit in the Circuit Court of Jackson County, Missouri, to recover damages for alleged defamation arising from certain statements made by defendant's employees. The trial court sustained a motion for summary judgment and plaintiff appeals. The pleadings constitute the only record before this court.

Plaintiff's petition alleged defendant's flight requirements required "someone" to accompany her mother, an invalid confined to a wheel chair, on a flight from Kansas City, Missouri, to San Francisco, California.

Plaintiff did not learn of this necessity until just before departure time and, as a result, was not prepared for travel, but did accompany her mother on the flight. Plaintiff alleged that on November 16, 1968, in San Francisco, California, defendant's agents made certain slanderous statements imputing to plaintiff, a married female, a want of chastity. Plaintiff pleaded that these statements were made in the presence and hearing of defendant's employees and other persons while plaintiff prepared to board defendant's plane *back* to Kansas City.

Plaintiff filed her petition on July 24, 1970, one year and eight months after the alleged injuries were sustained.

Defendant filed answer denying plaintiff's allegations and subsequently filed a motion for summary judgment on the ground that plaintiff's cause of action was barred by the provisions of Section 516.190 RSMo 1969, V.A.M.S. The trial court sustained defendant's motion.

Although far from clearly expressed, it is apparently plaintiff's contention that the defendant's insistence that her mother be accompanied on the flight to California was negligence, the negligence being found in requiring her to accompany her mother without adequate preparation which was the proximate cause of the alleged slanderous statements. The negligence is thus negligence occurring within the State of Missouri and therefore, the Missouri Statute of Limitations, Section 516.140 RSMo 1969, V.A.M.S., applies, and the action was timely filed within the two-year period of such statute. The difficulty with the plaintiff's position is that the petition does not allege negligence on the part of the defendant in requiring the plaintiff to accompany her mother. Plaintiff does not allege any facts that would constitute negligence on the part of the defendant airline which caused her to accompany her mother. Her petition plainly shows that it was not a requirement of the airline that *she* accompany her mother, but only that *someone* accompany her, nor that the airline was negligent in advising her improperly or falsely with respect to her mother's flight. There is, as the defendant airline asserts, no logical direct connection between what occurred in Missouri and the alleged actions or conduct occurring in California. The allegations of plaintiff's petition plainly state a cause of action in slander arising in San Francisco, California, regardless of how the plaintiff arrived in California. Defendant contends that since the cause of action arose in California, Section 516.190 RSMo 1969, V.A.M.S., the so-called "borrowing" statute applies and requires application of Sections 335, 340, California Code of Civil Procedure Annotated, 1972, and that position is well taken. The Missouri statute makes the California statute our own as to the cause of action arising in California. Jenkins v. Thompson, 251 S.W.2d 325 (Mo.1952), and no conflict of law question remains. Girth v. Beaty Grocery Company, 407 S.W.2d 881 (Mo.1966), Bowling v. S. S. Kresge Company, 431 S.W.2d 191 (Mo.1968). Section 516.190, RSMo 1969, V.A.M.S., constitutes a codification by the Missouri Legislature of a conflicts rule which, under the facts of this case, must be applied. Consequently, the California Statute of Limitations must be applied to the facts of this case. The plaintiff's action for slander is plainly barred by the California statute and the trial court's action sustaining the motion

for summary judgment was completely proper. Plaintiff's alternative contention that the Restatement of Conflicts (Second), Sections 585 and 584, require a determination by the court as to whether the statute of limitations is procedural or substantive need not be considered since, under the plain terms and provisions of Section 516.190, there is no conflict requiring consideration of the nature of the limitations statutes involved and for the same reason discussion of Kennedy v. Dixon, 439 S.W.2d 173 (Mo. banc 1969), and related cases, is unnecessary since those cases apply only when a conflict of laws question is involved. The judgment for the defendant is affirmed.

All concur.