Sandra T. RICHARDSON, Appellant,

v.

WATKINS BROTHERS MEMORIAL CHAPELS, INC., Respondent.

No. KCD 27059.

Missouri Court of Appeals, Kansas City District.

Aug. 4, 1975.

Motion for Rehearing and/or Transfer Denied Sept. 2, 1975.

Application to Transfer Denied Oct. 13, 1975.

**20**

Joseph W. Amick, Kansas City, for appellant.

Ernest H. Fremont, Jr., Kansas City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Action for damages for personal injury arising out of automobile collision which occurred in Kansas. The trial court sustained defendant's motion to dismiss on the grounds that the action was barred by the Kansas two-year statute of limitations, made applicable by the Missouri borrowing statute, § 516.190, RSMo 1969, V.A.M.S.

The petition alleged that plaintiff, Sandra T. Richardson, and defendant, Watkins Brothers Memorial Chapels, Inc., are residents of Jackson County. It alleged that, on April 29, 1970, defendant was engaged in the funeral home business, including driving families and relatives of decedents to the cemetery for graveside services; that on that date plaintiff was a passenger in a family vehicle being utilized by defendant in a funeral procession when the vehicle in which she was riding was struck in the rear by another vehicle utilized by Watkins in the procession.

"3. That said accident occurred at approximately 3:30 p. m. on Interstate 70 in the State of Kansas near the Muncie turnoff but plaintiff and defendant are residents of the State of Missouri, the trip commenced in the State of Missouri and the most significant contacts concerning plaintiff's cause of action arose and are in the State of Missouri; therefore, the law of the State of Missouri applies."

The petition charged negligence on the part of a Watkins employee in driving his auto into collision with the rear end of the vehicle occupied by plaintiff; in failing to stop, swerve, slow or sound a warning after he knew that a collision with the vehicle occupied by plaintiff was imminent; and in failing to maintain a lookout for traffic ahead of him.

The petition alleged injuries to plaintiff, not here significant, and sought damages of $25,000.

The petition was filed in the Jackson County Circuit Court on September 4, 1973, some three years and four months from the date of the occurrence. Defendant's motion relied on the two-year Kansas limitation statute (KSA 60–513 (1964)), made applicable by the Missouri borrowing statute, § 516.190.

Appellant contends that the trial court erred in applying the Kansas statute of limitations "since plaintiff's cause of action originated in the State of Missouri." Appellant would make the five-year Missouri statute (§ 516.120, RSMo 1969) the applicable limitation.

Appellant's argument is based primarily on *Kennedy v. Dixon*, 439 S.W.2d 173 (Mo. banc 1969), in which the court abandoned the lex loci delicti rule of choice of law in foreign tort cases in favor of the "most significant relationship" test, as set out in § 145, 1 Restatement of Conflict of Laws 2d, (1971), p. 414. She argues that where a cause of action "originated" for the purpose of § 516.190 should be determined by the application of such test. She contends that, inasmuch as the parties involved are Missouri residents, the journey involved began and was to end in Missouri, the defendant is a Missouri company deriving profit from its relation with plaintiff, and the suit is in a Missouri court, the most significant relationship bearing upon the policy behind a statute of limitations is with Missouri and that its statute should apply, rather than that of Kansas, whose only relationship is that the accident occurred there.

Absent the Missouri borrowing statute, the result sought by appellant would obtain under general rules of conflict of laws by which the statute of limitations of the forum controls as a procedural matter. 51 Am.Jur.2d, Limitation of Actions, § 66, p. 645 (1970). The borrowing statute has altered this rule and appellant tacitly concedes that if the statute is to be construed and applied as it has been previously, she cannot now prevail. *Girth v. Beaty Grocery Company*, 407 S.W.2d 881 (Mo.1966); *Bowling v. S. S. Kresge Company*, 431 S.W.2d 191 (Mo.1968).

Those decisions did, of course, precede the Kennedy case, relied upon by appellant. In Girth, an argument akin to that here presented, without, of course, the benefit of Kennedy, was rejected. The parties to the litigation were residents of Missouri, who had been involved in a collision in Iowa. In holding that the action was barred by the Iowa statute, the court stated (407 S.W.2d 882):

" * * * We are asked to by-pass the Iowa Statute of Limitations on the theory that that statute conflicts with our statute of limitations. However, Section 516.190 makes the Iowa limitation statute our own. So, there is no conflict. The Legislature has the authority and power to enact statutes of limitations and this Court may not ignore or by-pass such laws. This question has been before the courts of this state on a number of occasions. *Christner v. Chicago, R.I. & P. Ry. Co.*, 228 Mo.App. 220, 64 S.W.2d 752, l.c. 754(1–4); *Devine v. Rook*, Mo.App., 314 S.W.2d 932, l.c. 935(3); *Jenkins v. Thompson*, Mo., 251 S.W.2d 325, l.c. 328(3). In each case, it was held that Section 516.190 controlled cases such as that now before us. The fact that all the parties were residents of this state does not alter the situation. The statute is plain and unambiguous. Many states have adopted similar statutes. See 53 C.J.S. Limitation of Actions § 31, p. 976, and cases there cited.

"We rule that no conflict of law problem is presented but that under our Missouri statute of limitations, Section 516.190, plaintiff's cause was barred at the time his petition was filed."

In Bowling, the cause sued on originated in a wrongful stock transfer in New York. In applying the New York statute of limitations, the court stated (431 S.W.2d 193[1]):

"The effect of § 516.190, supra, is to adopt and make as Missouri's own the statute of limitation of New York. *Jenkins v. Thompson*, Mo.Sup., 251 S.W.2d 325. No conflict of laws question is presented when § 516.190, supra, is involved. *Girth v. Beaty Grocery Company*, Mo.Sup., 407 S.W.2d 881. * * * *"

Kennedy did involve a case in which the court had the right to make a choice of law. There is no basis for this court's concluding that Kennedy overruled *Girth v. Beaty Grocery Company*, supra. See *McIndoo v. Burnett*, 494 F.2d 1311, 1313 (8th Cir., 1974). Girth is, in fact, consistent with a Choice-of-Law principle set forth in § 6(1), 1 Restatement of Conflict of Laws 2d (1971) p. 10, to-wit: "A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law."

This court is aware of the recent decision of the St. Louis District of the Missouri Court of Appeals in *Trzecki v. Greenewald*, —— S.W.2d ——, decided May 27, 1975. In that case where plaintiff, a resident of Missouri, had sued the Missouri owner of an automobile in which plaintiff was a guest passenger in an accident which occurred in Illinois, the court refused to apply the Illinois statute of limitations to bar the action in Missouri. The court held that, inasmuch as plaintiff as a guest had no cause of action under Illinois law, the choice of law guidelines of Kennedy could be considered in arriving at the conclusion that the cause of action "originated" in Missouri. That case is distinguishable, in that there has been no suggestion in this case that appellant would have been in any manner barred from bringing a timely action in either Kansas or Missouri to recover for her injuries.

**22**

Appellant has cited the case of *Dindo v. Whitney*, 429 F.2d 25 (1st Cir., 1970), in which the court followed a version of the significant relationship test in concluding that New Hampshire would apply its statute of limitations in a case arising out of an accident in Quebec. Appellant states that, although the court did not mention a borrowing statute, necessarily one must have existed. New Hampshire is one of the few states that does not have a borrowing statute. See Vernon, "Statutes of Limitation in the Conflict of Laws: Borrowing Statutes," 32 Rocky Mountain Law Rev. 287, 294, fn. 23 (1960).

This court is obliged to follow the latest decision of the Supreme Court. Under those decisions in *Girth v. Beaty Grocery Company* and *Bowling v. S. S. Kresge Company*, supra, plaintiff's claim is barred by the Kansas statute of limitations and the trial court correctly sustained defendant's motion to dismiss.

Judgment affirmed.

All concur.