**Karla HARPER, Widow, et al., Plaintiffs,**

v.

**Spellmon C. GIBSON, Administratrix of the Estate of Reginald J. Gibson, Deceased, Defendant.**

**No. 84–0605–CV–W–1.**

United States District Court, W.D. Missouri, W.D.

Jan. 17, 1985.

Gordon Dempsey, Sutherlin & Dempsey, Indianapolis, Ind., William Pickett, Kansas City, Mo., for plaintiffs.

G. Spencer Miller, Kansas City, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

JOHN W. OLIVER, Senior District Judge.

This case pends on defendant's alternative motion to dismiss or for summary judgment, filed November 14, 1984. We find and conclude that all counts of plaintiffs' complaint are barred by the Tennessee one-year statute of limitations, which must be applied in accordance with Mo. Ann.Stat. § 516.190, Missouri's borrowing statute, and that defendant's alternative motion for summary judgment should be granted.

### I.

The material facts necessary to rule the motion are not in dispute. Plaintiffs' decedent, Phillip W. Harper, was a resident of Indiana. On or about May 24, 1982, Harper's vehicle collided with the vehicle of Reginald J. Gibson, a Missouri resident, in the State of Tennessee. Both men died. On May 24, 1984 plaintiffs filed their complaint in this Court. Each of the three states provides a cause of action for wrong-

ful death by statute.[1] The periods of limitation for filing such actions, however, are different: Missouri, three years;[2] Indiana, two years;[3] and Tennessee, one year.[4] The controlling question of whether plaintiffs' complaint is time barred depends on whether a Missouri court would apply Tennessee's one-year statute of limitations pursuant to the mandate of Mo.Ann.Stat. § 516.190, Missouri's borrowing statute. We find that it would and that this Court must apply that Missouri rule of decision to the undisputed factual circumstances of this case.

## II.

Plaintiffs' complaint alleges claims for wrongful death arising under the laws of the states of Indiana, Tennessee, and apparently Missouri.[5] All three counts of plaintiffs' complaint are based upon the same fatal Tennessee accident.

Plaintiffs contend that the Missouri three-year statute of limitations should be applied to the Tennessee and Indiana counts alleged in Counts II and III. As to Count I (Missouri), as we have already noted, plaintiffs also contend that the three-year Missouri statute of limitations should be applied to that count.

1. Ind.Code Ann. § 34–1–1–2 [2–404] (Burns Supp.1984); Tenn.Code Ann. § 20–5–106 (1980); Mo.Ann.Stat. § 537.080 (Vernon Supp.1984).

2. Mo.Ann.Stat. § 537.100 states in applicable part: "Every action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue."

3. Burns Ind.Code Ann. states in applicable part: "When the death of one is caused by the wrongful act or omission of another, ... the action shall be commenced by the personal representative of the decedent within two [2] years."

4. There is no specific period of limitation contained in Tennessee's wrongful death statute. The courts of that state apply the one-year statute of limitations governing actions for personal injuries to actions for wrongful death. Tenn. Code Ann. § 28–3–104; *Jones v. Black,* 539 S.W.2d 123 (Tenn.1976).

5. The complaint filed May 24, 1984 does not specifically allege a cause of action under Missouri law or cite any Missouri statute. Plain-

Defendant contends that any cause of action the plaintiffs may have had is barred by the running of the one-year Tennessee statute of limitations. Defendant expressly relies on the operation of the Missouri "borrowing statute."[6] Defendant further contends that Missouri would not recognize the claim plaintiffs attempt to assert under Indiana law.

## III.

We conclude that Missouri[7] would not recognize either of the claims that plaintiffs have attempted to assert under the wrongful death statutes of the State of Indiana and the State of Missouri. We also conclude that the State of Missouri would recognize plaintiffs' claim as asserted under the wrongful death statute of Tennessee. We further conclude, however, that the courts of Missouri would determine that the one-year statute of limitations provided by Tennessee law, would be applied by a Missouri court in accordance with the mandate of Missouri's borrowing statute, Section 516.190.

## A.

A Missouri court obviously would not attempt to apply Indiana law to the Tennessee accident involved in this case. *Allstate*

tiffs' response to motion to dismiss, filed December 11, 1984, however, contains a caption—"AS TO COUNT I (MISSOURI)."—which indicates that plaintiffs implicitly suggest that they may be entitled to rely on the Missouri Wrongful Death Statute.

6. Mo.Ann.Stat. § 516.190 (Vernon Supp.1984) states that "[w]henever a cause of action has been fully barred by the laws of the state ... in which it originated, said bar shall be a complete defense to any action thereon, brought in any courts of this state."

7. In a case such as this where jurisdiction is based on diversity of the parties, this Court must apply that statute of limitations which would be applied by the Supreme Court of Missouri. *See e.g., Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Renfroe v. Eli Lilly & Co.,* 686 F.2d 642, 647 (8th Cir.1982).

*Insurance Co. v. Hague,* 449 U.S. 302, 308, 313, 101 S.Ct. 633, 637, 640, 66 L.Ed.2d 521 (1981), makes clear that both the Due Process Clause and the Full Faith and Credit Clause limit the extraterritorial application of a state's statutes. *Cf. New York Life Insurance Co. v. Head,* 234 U.S. 149, 161, 34 S.Ct. 879, 881, 58 L.Ed. 1259 (1914), in which the Supreme Court found the Full Faith and Credit Clause made it "impossible to permit the statutes of Missouri to operate beyond the jurisdiction of that State" and *Home Insurance Co. v. Dick,* 281 U.S. 397, 408, 50 S.Ct. 338, 341, 74 L.Ed. 926 (1930), in which the Court concluded Dick's permanent residence in Texas was "without significance" and that, under the Due Process Clause, Texas was "without power" to affect the terms of the contract executed outside the state of Texas. *See also McCluney v. Joseph Schlitz Brewing Co.,* 649 F.2d 578, 582 n. 4 (8th Cir.1981), and *Gaston v. B.F. Walker, Inc.,* 400 F.2d 671, 672–73 (5th Cir.1968), in which the Court of Appeals for the Fifth Circuit appropriately stated: "[I]t is clear that even though such an action [for wrongful death occurring in Louisiana] is brought in a Texas court, if the tortious conduct occurred in another state, recovery must be based upon the foreign wrongful death statute because the Texas wrongful death statute does not have extraterritorial effect."

Missouri courts have consistently refused to give extraterritorial effect to the Missouri Wrongful Death Statute. *State ex rel. Broglin v. Nangle,* 510 S.W.2d 699, 701 (Mo. en banc 1974). *Rositzky v. Rositzky,* 46 S.W.2d 591, 594 (Mo.1931), cited in *Broglin,* held that: "[I]t is settled law and almost axiomatic that the statutes of a state or country prescribe the law within its boundaries only, and have no extraterritorial effect." *See also State ex rel. Kansas City Stock Yards v. Clark,* 536 S.W.2d 142, 145 (Mo. en banc 1976) ("Ordinarily the wrongful death statute of the state in which the fatal injury occurred would apply") and *Bigham v. McCall Service Stations, Inc.,* 637 S.W.2d 227, 229 (Mo.Ct. App.1982) ("the statute of a state does not ordinarily have any extra-territorial effect"). *Nelson v. Hall,* 684 S.W.2d 350, 354 (Mo.Ct.App.), *modified* (October 30, 1984), cited and discussed most of the cases just cited and stated that "[t]he rule that a statute enjoys no extraterritorial effect beyond the state of enactment remains the principle of our adjudicated decisions."

■ Decedents' only contact with each other occurred in Tennessee. Any interest which the State of Indiana or the State of Missouri might have in the results of this litigation is derivative from and subordinate to the undoubted power of the State of Tennessee over tortious acts committed within its borders. Accordingly, we find that Tennessee is the only state with the power to prescribe the laws which create and limit the only cause of action that may have been asserted in this case.

**B.**

The Court of Appeals for the Eighth Circuit recently considered Missouri's borrowing statute, Section 516.190, in *Patch v. Playboy Enterprises, Inc.,* 652 F.2d 754 (8th Cir.1981).[8] Approximately twenty-three months after publication, plaintiff brought an action for libel against *Playboy* in connection with an article published in Illinois. Illinois law provided for a one-year statute of limitation for libel; Missouri law provided for a two-year statute of limitation for such an action.

The district court "determined that the Missouri borrowing statute [§ 516.190] required the application of the Illinois one-

---

**8.** The most recent Eighth Circuit case which considered Section 516.190 is *Renfroe v. Eli Lilly & Co.,* 686 F.2d 642 (8th Cir.1982). The defendants did "not contest the district court's application of the Missouri borrowing statute." *Id.* at 647. Nevertheless, the Court of Appeals recognized in its opinion: "When a cause of action 'originates' in a state other than Missouri, ... Missouri applies the foreign state's statute of limitations through the borrowing statute. If that state's statute of limitations bars the action, the borrowing state bars it in Missouri as well. Mo.Ann.Stat. § 516.190 (Vernon Supp.1982)."

year limit because the cause of action 'originated' in Illinois, where the February 1976 issue of *Playboy* was first published." 652 F.2d at 755.

The Court of Appeals affirmed. The per curiam opinion in *Patch* appropriately noted that: "In tort cases, Missouri courts have borrowed the statute of limitations of another state when the last act necessary for the cause of action or the injury occurred outside Missouri." *Patch* further held that: "The purpose of a borrowing statute is primarily to prevent a plaintiff from forum shopping for a statute of limitations. The statute prevents a plaintiff from gaining more time to bring an action merely by suing in a forum other than where the cause of action accrued." *Id.* at 756.

It should finally be noted that *Patch,* applying principles stated in *Trzecki v. Gruenewald,* 532 S.W.2d 209 (Mo. en banc 1976), rejected the argument that the district court should have adopted "a most significant contacts test for determining where [plaintiff's] cause of action originated." 652 F.2d at 757. In reliance upon the same Missouri case, *Patch* also appropriately noted that "residents and nonresidents are treated the same under the Missouri borrowing statute." *Id.* at 756. Judge McMillian accurately stated in his concurring opinion in *Patch* that "[b]orrowing statutes, when applicable, largely preempt the court's examination into alternative conflicts of law theories because the statute requires a mechanical and uniform result intended to discourage forum shopping." *Id.* at 758–59.

A large number of Missouri and federal cases which supported the Court of Appeals' affirmance of the district court's application of Section 516.190 in *Patch* are cited in footnote 6 on page 755 of 652 F.2d. Those cases support the principles stated and applied in that case. We therefore

need to discuss only a few other Missouri cases. *Gates v. Trans World Airlines,* 493 S.W.2d 668, 669 (Mo.Ct.App.1973), appropriately noted that Missouri's borrowing statute "constitutes a codification by the Missouri Legislature of a conflicts rule." See also *Richardson v. Watkins Brothers Memorial Chapels, Inc.,* 527 S.W.2d 19, 21 (Mo.Ct.App.1975), which concluded that "Absent the Missouri borrowing statute, under general rules of conflict of laws ... the statute of limitations of the forum controls.... The borrowing statute has altered this rule...."

■ Missouri courts give effect to the legislatively expressed intent not to expand the period within which plaintiffs can file, but to impose "an additional limitation on the right to sue." *See Schnabel v. Taft Broadcasting Co.,* 525 S.W.2d 819, 825 (Mo.Ct.App.1975). If the statute of limitations of another state is more restrictive than that of Missouri, a longer Missouri statute will not be allowed to enlarge the time for filing. *McIndoo v. Burnett,* 494 F.2d 1311, 1313 (8th Cir.1974).[9]

### C.

Plaintiffs cite *Cummings v. Cowan,* 390 F.Supp. 1251, 1255 (N.D.Miss.1975), in support of their contention that Missouri's three-year statute of limitations should be applied. *Cummings* is not in point for the reason that the Supreme Court of Mississippi, unlike the Supreme Court of Missouri, had consistently concluded that Mississippi's borrowing statute may not be applied in cases in which a Mississippi resident is involved. *Cummings* did no more than apply the Supreme Court of Mississippi's rules of decisions which imposed restrictions on the application of Mississippi's borrowing statute. 390 F.Supp. at 1254.

As we have noted above, Missouri has expressly held that under Missouri's bor-

---

**9.** In affirming the district court's grant of summary judgment for the defendant based on the Missouri "borrowing statute," the Court of Appeals held: "The plain meaning of the statute in question [§ 516.190] is that where the tort takes place in a foreign jurisdiction Missouri will adopt the statute of limitations of that jurisdiction barring the cause of action." The Court of Appeals, as did the district court, relied in part on Restatement (Second) of Conflict of Laws § 142 comment f (1971). 494 F.2d at 1313–14.

rowing statute, residents and nonresidents are to be treated the same. *Trzecki v. Gruenewald, supra,* 532 S.W.2d at 212. Indeed, the Supreme Court of Missouri has applied Section 516.190 to borrow Iowa's two-year limitation and apply that statute to a personal injury case arising from a collision in Iowa in which *all* parties were Missouri residents. *Girth v. Beaty Grocery Co.,* 407 S.W.2d 881 (Mo.1966). As in this case, plaintiffs argued that under conflict of laws principles the Missouri court should apply the longer Missouri statute of limitation. The Supreme Court of Missouri held:

> ... Section 516.190 makes the Iowa limitation statute our own. So there is no conflict ... and this Court may not ignore or by-pass such laws.
>
> ....
>
> We rule that no conflict of law problem is presented but that under ... Section 516.190, plaintiff's cause was barred at the time his petition was filed.

*Id.* at 882; *accord Schnabel, supra,* 525 S.W.2d at 826 ("No conflict of law question remains, and the effect of § 516.190 is to adopt as our own the provisions of the foreign statute of limitations.").

 Accordingly, we find and conclude that Missouri's borrowing statute requires this Court to apply Tennessee's one-year statute of limitations as a part of the statutory law of Missouri applicable to this case.

### D.

Plaintiffs also attempt to rely on *Malone ex rel. Alexander v. Jackson,* 652 S.W.2d 170 (Mo.Ct.App.1983), to support their argument that Tennessee's one-year statute should not be applied to plaintiffs' wrongful death action. *Malone* does not support plaintiffs' argument. The parties in that case were in agreement that the case should be tried and decided under Missouri's wrongful death statute. *See* 652 S.W.2d at 171. *See also* footnote 7 of Judge Shangler's recent decision in *Nelson v. Hall, supra,* which properly concluded that the dictum stated in *Malone* is aberrant from the controlling Missouri law and

that such dictum is not supported by the authority cited in *Malone.*

### IV.

For the reasons stated, it is

ORDERED that defendant's alternative motion for summary judgment should be and is hereby granted. The Clerk shall enter judgment for the defendant on a separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure.