Cathy SARANIERO, Plaintiff,

v.

SAFEWAY, INC., et al., Defendants.

Civ. A. No. 81–2052.

United States District Court,
D. Kansas.

June 14, 1982.

Michael Palder, Kansas City, Mo., Louis S. Wexler, Wexler, Wingfield & Zemites, Mission, Kan., William C. Paxton, Steven C. Block, Paxton & Block, Independence, Mo., for plaintiff.

Monti Belot, Weeks, Thomas & Lysaught, Barry E. Warren, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., John J. Jurcyk, Jr., Robert B. Van Cleave, McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the Court on motions by the separate defendants for summary judgment. Each motion raises different legal issues and will be addressed by the Court *seriatim.*

### I. *Alcoa's Motion for Partial Summary Judgment*

Defendant Alcoa's motion for partial summary judgment resurrects a legal problem which has troubled the federal district courts of Kansas for more than thirty years. The precise legal question before us is whether or not the state service of process requirements of K.S.A. 60–203 are an "integral part" of the state statute of limitations.

### A

This is a diversity action in which plaintiff seeks damages for injuries she suffered when a glass soda pop bottle broke while

she was attempting to remove its cap. This accident occurred on February 28, 1979. Plaintiff filed her complaint on February 27, 1981. Service of process was obtained on defendant Alcoa on May 29, 1981, ninety-two (92) days after the complaint was filed.

Liberally read, plaintiff's amended complaint alleges Alcoa designed and manufactured the cap on the bottle in question. Plaintiff claims liability on the theories of strict liability, negligence and breach of implied warranties. Alcoa's motion is addressed to only the causes of action based on strict liability and negligence. The applicable statute of limitations in cases like this is K.S.A. 60–513(a)(4), which provides a two-year limitation on actions "for injury to the rights of another not arising on contract...."

The question presented is whether plaintiff commenced her civil action within the two-year statute of limitations. Rule 3 of the Federal Rules of Civil Procedure provides: "A civil action is commenced by filing a complaint with the court." K.S.A. 60–203, however, provides: "A civil action is commenced by filing a petition with ... the court, provided service of process is obtained ... within ninety (90) days after the petition is filed; *otherwise the action is deemed commenced at the time of service of process ...*" (Emphasis supplied.)

It is apparent that under these facts, if federal law applies, plaintiff's action was commenced one day before the statute of limitations ran. On the other hand, if Kansas law applies, then plaintiff's action is barred because defendant was not served within the time prescribed by K.S.A. 60–203.

**B**

In *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the United States Supreme Court held that in the absence of explicit, controlling federal law, the federal district courts are bound to follow state common law, statutes and constitutional provisions in diversity cases. The Federal Rules of Civil Procedure, how-ever, apply to all diversity cases even if they directly conflict with competing state cases. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

In *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), a diversity suit was filed within the applicable Kansas statute of limitations, but process was not served until after the limitation period had run. Kansas law at that time provided that an action was not commenced until summons was served on the defendant. Kan.Gen.Stat. 1935, § 60–308. The federal rules provided an action was commenced when a complaint was filed.

The federal district court held that the statute of limitations was tolled by the filing of the complaint. The Tenth Circuit Court of Appeals reversed, and the Supreme Court concluded that to apply federal law to the case would allow a federal court to hear a lawsuit which could not be heard in a state court. This would permit a federal court to enforce state-created rights which could not be enforced by the state judiciary.

The Court held that *Erie, supra,* compelled reversal of the district court, since otherwise plaintiff's rights under local law would be different in federal courts from what they would be in state courts. 337 U.S. at 532–33, 69 S.Ct. at 1234. *See also, Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) [plaintiff required to post bond despite Fed.Rule 23.1 which did not require such bond]; and *Woods v. Interstate Realty Co.,* 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949) [foreign corporation could not maintain suit where state courts were closed to it].

It is clear that *Hanna v. Plumer, supra,* did not overrule *Ragan.* The rule in *Hanna,* that federal procedural rules govern diversity cases, applies by its terms only where there is a direct conflict between a state procedural rule and the applicable federal rule. *Walker v. Armco Steel Co.,* 446 U.S. 740, 749–50 at fn. 9, 100 S.Ct. 1978, 1984–85, 64 L.Ed.2d 659 (1980). There was

no direct conflict in *Ragan,* and there is none in the case now before us, because Federal Rule 3 was never intended to define commencement of federal lawsuits for purposes of tolling state statutes of limitation. *Id.* at 750–51, 100 S.Ct. at 1985–86.

*Walker v. Armco Steel Co., supra,* involved an Oklahoma statute which provided that a lawsuit was not commenced for purposes of tolling the statute of limitations until process was served. In *Walker,* a plaintiff filed suit before the statute of limitations ran, but did not achieve service of process until after the limitations period had run. The federal district court dismissed the case as barred by the statute of limitations. The Court of Appeals affirmed.

A unanimous Supreme Court also affirmed the decision and held that Rule 3 was not intended to toll a state statute of limitations. *Id.* at 748–51, 100 S.Ct. 1981–85. The Court further held that there was therefore no direct conflict between Rule 3 and the Oklahoma statute in question. Each could control within its own sphere. *Id.* at 751–52, 100 S.Ct. at 1985–86. Finally, the Court stated:

> "... There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs, and *Erie* and its progeny do not permit it." *Id.* at 753, 100 S.Ct. at 1986.

■ The United States Supreme Court has therefore clearly stated that Rule 3 should not be used to toll a state statute of limitations. The Court has further held that *Erie* provides the appropriate test for adequacy of service of process for purposes of state statutes of limitation. Henceforth, a plaintiff should not be allowed to proceed in federal court with a lawsuit which would be barred in state court. For this reason, *Chappell v. Rouch,* 448 F.2d 446, 450 (10th Cir. 1971), does not control this case, and the Court will grant defendant Alcoa's motion for partial summary judgment. Our conclusion in this case is entirely consistent with other decisions within this district following *Walker v. Armco Steel Co., supra. See, e.g., Schmid v. Roehm GmbH* (No. 80–2159, D.Kan. 5/12/82) (Ch.J. O'Connor).

II. *Safeway's Motion for Summary Judgment*

■ Plaintiff's amended complaint alleges that the bottle in question was purchased from defendant Safeway Stores, Inc. [hereinafter Safeway]. Although plaintiff's original complaint set forth causes of action based upon various tort theories, plaintiff's amended complaint asserts only that Safeway is liable under the theory of breach of implied warranty of merchantability. K.S.A. 84–2–314(2).

As related *supra,* the accident occurred on February 28, 1979. Plaintiff's complaint was filed on February 27, 1981. Service of process was attempted on Safeway on May 29, 1981, but was unsuccessful. Summons was reissued against Safeway, and finally was served on November 10, 1981, almost eight and one-half months after suit was filed.

Defendant Safeway makes the same argument as does Alcoa, that is, that the correct statute of limitations is K.S.A. 60–513 (2 years), and that plaintiff's suit was not commenced for statute of limitations purposes until defendant was served with process. K.S.A. 60–203. Therefore, plaintiff's suit is barred because process was not served until long after the two-year statute of limitations ran.

The two-year statute of limitations does not govern this case, however. As between the buyer and the seller, Kansas case law is clear that an action for breach of implied warranty is a contract action that accrues from the date of delivery and that the four (4)-year statute of limitations contained in the Uniform Commercial Code applies. *Voth v. Chrysler Motor Corp.,* 218 Kan. 644, 545 P.2d 371 (1976); K.S.A. 84–2–725. It

seems clear at this point that plaintiff's action was timely brought.

 Alternatively, Safeway contends that plaintiff's eight and one-half month delay in service of process should bar plaintiff's claim. While it is true that federal courts require due diligence in effecting service upon the defendant, *2 Moore's Federal Practice*, § 3.07, at 3–118, Safeway has not shown any prejudice directly resulting from plaintiff's delay. Summary judgment should not be granted against plaintiff because of delay alone, especially where the statute of limitations has not yet run. *Isaacks v. Jeffers*, 144 F.2d 26 (10th Cir.), *cert. denied* 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624 (1944).

III. *Conclusion*

The Court finds that defendant Alcoa's motion for partial summary judgment must be granted and defendant Safeway's motion for summary judgment must be denied. Defendant Alcoa remains in the case as a defendant on the theory of breach of implied warranty.

IT IS BY THE COURT THEREFORE ORDERED that defendant Alcoa's motion for partial summary judgment is hereby granted. IT IS FURTHER ORDERED that defendant Safeway's motion for summary judgment is hereby denied.