Manley KELLER, et al., Appellants,

v.

CROWN PEST CONTROL SUPPLIES, et al., Respondents.

No. 45025.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 21, 1982.

Motion for Rehearing/Transfer to Supreme Court Denied Feb. 10, 1983.

Application to Transfer Denied March 29, 1983.

Douglas P. Dowd, St. Louis, Chapman & Carlson, Granite City, for appellants.

McPherson D. Moore, Clayton, for respondent Crown Pest Control.

Robert Burns, Clayton, for respondent Williams.

G. Keith Phoenix, St. Louis, for respondent B.F.C. Chemicals & Fisons, Inc.

REINHARD, Judge.

Neoma Keller died on June 22, 1979. She was survived by her husband, Manley Keller, her two adult sons, Thomas and Perry Keller, and by her mother, Ostylee Counts. On February 13, 1981, the decedent's husband, and two sons filed a petition for damages against defendants for her wrongful death. The trial court granted defendants' motions for summary judgment and held plaintiffs' claims were barred by § 537.080, RSMo.1978.

We affirm in part and reverse in part.

At the time of decedent's death the statute of limitations for a wrongful death action was two years, § 537.100, RSMo.1978. Section 537.080, RSMo.1978, in effect at the time of decedent's death, provided that if the spouse or minor children failed to appropriate the cause of action for wrongful death within the first year after the decedent's death, the claim passed to the decedent's mother and father, if alive. *State ex rel. Kansas City Stockyards Company of Maine v. Clark*, 536 S.W.2d 142, 145 (Mo. banc 1976).

On September 28, 1979, within the first year of decedent's death extensive changes in the wrongful death statute became effective. Laws 1979, p. 630–32. The new statute not only extended the statute of limitations to three years, but also granted to the class entitled to sue the full three year period of limitations in which to sue. In addition, adult children as well as minor children became members of the most favored class.

In separate motions for summary judgment, defendants asserted that under the provisions of § 537.080, RSMo.1978, in effect at the time of decedent's death, the husband's claim for wrongful death should be dismissed because decedent had a parent who survived her and husband failed to appropriate the cause of action within the first year of decedent's death. Further, defendants asserted that under § 537.080, RSMo.1978, only *minor* children had any standing to sue and because both Thomas and Perry Keller were adults, dismissal of the action as to them was also warranted. At the time the motions were filed, more than two years had elapsed since decedent's death and decedent's mother had not filed suit. The trial court granted defendants' motions for summary judgment.

After the trial court's ruling, two cases were decided by the Western District and the Southern District which we have concluded requires reversal of the court's ruling as to the husband's claim for wrongful death. In *State ex rel. Research Medical Center v. Peters*, 631 S.W.2d 938 (Mo.App.

1982) and *Robinson v. Heath*, 633 S.W.2d 203 (Mo.App.1982), both courts were presented with facts indistinguishable from those in the present case. In each case, the decedent died in mid-1979, leaving a surviving parent. The actions for wrongful death were filed by the surviving spouse more than one year after the decedent's death but before two years had elapsed. Both courts held that applying the 1979 amendments regarding the three year statute of limitations did not violate the proscription against enactment of a "retrospective law" contained in Article I, § 13 of the Missouri Constitution. The courts held where the special limitation period of § 537.080 had not run its one year course at the time of the enactment of the three year statute of limitations, plaintiffs had an unqualified right to enforce a claim for wrongful death and application of the amended statute did not create new substantive rights but only extended the period in which rights already granted could be enforced. This was a procedural matter which operated retroactively. The courts held that the actions as to the surviving spouse were timely filed.

In the present case, the statutory amendments to § 537.080 in September, 1979, became effective within the year after the decedent's death, while the husband's claim was viable under old § 537.080. Following the rule of the cases cited above, plaintiffs' filing of the lawsuit on February 13, 1981, was timely under the three year limitations period of the 1979 amendment. *See also Wilkens v. Drummon*, 637 S.W.2d 273 (Mo. App.1982). The trial court's decision is reversed as to the spouse's claim.

■ It is a different matter, though as to the adult children's claims. The 1979 amendments to § 537.080 established the right of adult children as well as the minor children to bring suit. Plaintiffs assert that retrospective application of this portion of the statute should also be given effect. We disagree.

Retroactive application of this law would impair vested rights acquired under existing laws, create a new obligation, and impose a new duty in respect to transactions

already past. *Lucas v. Murphy,* 348 Mo. 1078, 156 S.W.2d 686, 690 (1941); *State ex rel. Sweezer v. Green,* 360 Mo. 1249, 232 S.W.2d 897, 900 (1950). At the time of the decedent's death and the time of the statute change, the adult sons Thomas and Perry Keller had no right to maintain an action under the old law or any expectation that they ever would as sons be a member of any designated class of suitors. The new law clearly changes that situation and children, regardless of age, are in the first class of protected suitors. This is not a procedural change but alters substantive rights of the parties. To apply this portion of the amended statute retroactively would create a new obligation and a duty towards plaintiffs by defendants and run afoul of the proscription of Article I, § 13.

Affirmed in part; reversed in part.

CRANDALL, P.J., and CRIST, J., concur.