Donna **MALONE**, Yolanda Malone, and Robin Malone, By and Through their Next Friend, Margaret **ALEXANDER**, Plaintiffs-Appellants,

v.

Pamela **JACKSON**, Budget Rent-A-Car of St. Louis, Inc., and General Motors Corporation, Defendants-Respondents.

**and**

Barbara **MALONE**, Plaintiff-Appellant,

v.

Pamela **JACKSON**, Budget Rent-A-Car of St. Louis, Inc., and General Motors Corporation, Defendants-Respondents.

Nos. 45647, 45727.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 29, 1983.

Ellen F. Watkins, St. Louis, for Donna Malone, et al., etc.

Michael D. Stokes, Frances M. Luehrman, St. Louis, for Barbara Malone.

Robert C. Ely, St. Louis, for Pamela Jackson.

E. Thomas Liese, St. Louis, for Budget Rent-A-Car.

Kortenhof & Ely, St. Louis, for General Motors.

CRANDALL, Presiding Judge.

These are consolidated appeals from the dismissals of wrongful death suits brought by the sisters and the mother of the deceased, James Malone, a minor. The issues presented are (1) whether the sisters or the mother are entitled to maintain the wrongful death action, and (2) whether the Tennessee statute of limitations is applicable by reason of the Missouri "borrowing statute." We affirm in part and reverse and remand in part.

Pamela Jackson, a Missouri resident, rented an automobile in Missouri from Budget Rent-A-Car of St. Louis, Inc. The automobile was a General Motors' product. Jackson drove the automobile to Tennessee where she was involved in a one-car collision in which her passenger, James Malone, also a Missouri resident, was killed. General Motors Corporation and Budget Rent-A-Car, Inc., are foreign corporations authorized to do business in the State of Missouri.

One year after Malone's death, his sisters (appellants) filed a wrongful death suit against Pamela Jackson, Budget Rent-A-Car and General Motors (respondents). On motion, the trial court dismissed the sisters' suit ruling that they were not proper parties because the deceased was survived by his mother, Barbara Malone. Barbara Malone, appellant, then filed a wrongful death suit which the trial court dismissed, on motion, ruling that her suit was barred by the Tennessee statute of limitations.

■ The initial question presented to this court is whether the Tennessee one-year statute of limitations, Tenn.Code Ann. § 28–3–104 (1980), or the Missouri three-year limitation of action, § 537.100, RSMo (Supp.1979) is applicable to this case. Appellants pleaded recovery under the Missouri Wrongful Death Statute, § 537.080, RSMo (Supp.1979). Respondents have never contended that it was improper for appellants to proceed under the Missouri Wrongful Death Statute, and a review of the record clearly establishes the statute's applicability in this case under the "most significant relationship test" of *Kennedy v. Dixon,* 439 S.W.2d 173 (Mo. banc 1969). *See* Restatement (Second) of Conflicts of Laws, § 145 (1971). Despite the fact that appellants brought suit pursuant to the provisions of the Missouri Wrongful Death Statute, respondents contend that we are bound to apply the Tennessee statute of limitations pursuant to § 516.190, RSMo (1978), the Missouri borrowing statute.[1] The application of the borrowing statute is expressly limited by § 516.300, RSMo (1978). This section states that the various provisions of Chapter 516, one of which is the "borrowing statute," do "not extend to any action which is or shall be otherwise limited by any statute . . . ." Wrongful death actions, as defined by § 537.080, RSMo (Supp.1979), are otherwise limited by and inseparable from § 537.100, RSMo (Supp.1979) which has a three-year period of limitation, and thus are not within the purview of § 516.-190, RSMo (1978). Regardless of whether § 537.100, RSMo (Supp.1979) is characterized as procedural or substantive,[2] we hold that the limitations of that section are applicable to this action; and therefore, Barbara Malone's petition was timely filed.

■ Furthermore, the right to maintain an action for the wrongful death of the deceased in this case is vested in his mother to the exclusion of his sisters.[3] § 537.080,

1. Section 516.190, RSMo (1978) provides that "[w]henever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state."

2. *Compare State ex rel. Research Medical Center v. Peters,* 631 S.W.2d 938, 948 (Mo.App. 1982) *and Robinson v. Heath,* 633 S.W.2d 203, 206 (Mo.App.1982) *with Gramlich v. Travelers Insurance Co.,* 640 S.W.2d 180, 186 (Mo.App. 1982).

3. In their briefs, the deceased's sisters argued that Barbara Malone waived her right to sue for the wrongful death of her son because she abandoned him. There is no evidence in the record which would support a finding of abandonment. At the time of his death, Ms. Malone was incarcerated in the penitentiary and did not have physical or legal custody of her son, but her parental rights had not been terminated. Furthermore, counsel for the sisters conceded, during oral argument of this appeal, that if the Missouri Wrongful Death limitation of

RSMo (Supp.1979); *see State ex rel. Research Medical Center v. Peters,* 631 S.W.2d at 940; Mo. Bar CLE, Tort Laws Vol. II, Wrongful Death § 22.18 (1980); *see generally* Anderson and O'Brien, *Recent Developments in Missouri Tort Law,* 48 UMKC L.Rev. 680–687 (1980).

The trial court, therefore, correctly dismissed the deceased's sisters' petition and that portion of the trial court's order is affirmed. The trial court's order dismissing Barbara Malone's petition is reversed and remanded with directions to allow reinstatement of her petition.

REINHARD and CRIST, JJ., concur.

action was applicable to this case the mother of

the deceased was the proper party plaintiff.