David L. ALLEN, Plaintiff–Appellant,

v.

Robert R. PITTMAN and Wayne Wormington, d/b/a Wayne Wormington Truck Lines, Defendants–Respondents.

No. 15302.

Missouri Court of Appeals,
Southern District, Division Two.

April 25, 1988.

Arthur H. Stoup, Shirley J. Swofford, Stoup & Thompson, Kansas City, for plaintiff-appellant.

Lynn C. Rodgers, Hall, Ansley, Carmichael & Gardner, Springfield, for defendants-respondents.

PREWITT, Judge.

Plaintiff sued defendants for damages for personal injuries as a result of a vehicular collision. The trial court sustained defendants' separate motions for judgment on the pleadings. Plaintiff appeals.

In his petition plaintiff states that he and defendant Robert R. Pittman are both residents of Springfield, Greene County, Missouri and that defendant Wayne Wormington resides in Verona, Lawrence County, Missouri. Plaintiff alleges that he was operating a tractor trailer unit on February 23, 1984, in Fort Wayne, Allen County, Indiana, when it was struck in the rear by a tractor trailer unit operated by defendant Pittman and owned by defendant Wormington. The petition says that defendant Pittman was negligent in the operation of the tractor trailer unit, and that defendant Wormington was negligent in failing to discover and correct a faulty condition in a "air supply hose-line which should have supplied air pressure to the brakes of the vehicle driven by Defendant Robert R. Pittman." In his brief plaintiff states that both he and defendant Pittman were working for defendant Wormington, but that is not alleged in the petition.

By separate answers, defendants, among other claimed defenses, stated that plaintiff's claim was barred by the Indiana Statute of Limitations, Ind.Code 34–1–2–2(1) (1981), which requires that actions for personal injuries be brought within two years. This action was filed on October 1, 1986, more than two years and seven months after the collision. The answers stated that under § 516.190, RSMo 1978, Missouri courts must apply the Indiana statute. Thereafter, defendants separately moved for judgment on the pleadings, raising this same contention. The trial court sustained each motion.

Plaintiff does not question that under Indiana law a claim for personal injuries must be brought within two years, nor does he claim that there is any reason that Indiana's limitation would be tolled. Plaintiff contends that the trial court erred in applying the Indiana statute because it "should not be applicable to the case at hand, because Missouri is the state which has the most significant relationship to the occurrence and parties."

Section 516.190, RSMo 1978, states:

**Limitations on actions originating in other states.**—Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

In contending that this statute does not apply, plaintiff cites four cases under his point relied on. In *Kennedy v. Dixon*, 439 S.W.2d 173, 184 (Mo. banc 1969), Missouri abandoned the *lex loci delicti* rule in favor of applying the law of the state with "the most significant relationship to the occurrence and the parties." Plaintiff contends that this should be done and Missouri law

applied. Missouri allows five years to bring such an action. See § 516.120(4), RSMo. 1978.

The significant contacts rule is not relevant here. The Missouri Supreme Court decided in *Trzecki v. Gruenewald,* 532 S.W.2d 209 (Mo. banc 1976), not cited by appellant under his point, and *Dorris v. McClanahan,* 725 S.W.2d 870 (Mo. banc 1987), cited by appellant, that § 516.190 is applicable to personal injury actions arising from vehicular collisions occurring in another state because the cause of action "originated" there.

The rule adopted in *Kennedy* does not apply because § 516.190 "precludes a conflict of laws questions". *Dorris,* 725 S.W. 2d at 871. See also *Trzecki,* 532 S.W.2d at 211; *Patch v. Playboy Enterprises,* 652 F.2d 754 (8th Cir.1981); *Harper v. Gibson,* 601 F.Supp 156 (W.D.Mo.1985); *Hailey v. Yellow Freight System,* 599 F.Supp. 1332 (W.D.Mo.1984); Annotation, Validity, construction, and application, in nonstatutory personal injury actions, of state statute providing for borrowing of statute of limitations of another state, 41 A.L.R.4th 1025 (1985).

*Nelson v. Hall,* 684 S.W.2d 350 (Mo.App. 1984), and *Malone v. Jackson,* 652 S.W.2d 170 (Mo.App.1983), the remaining cases plaintiff cites under his point, were wrongful death actions. They are not relevant here because § 516.300, RSMo 1978, makes § 516.190, RSMo 1978, inapplicable to actions under the Missouri Wrongful Death Statute. *Malone,* 652 S.W.2d at 171.

Missouri Supreme Court decisions are controlling upon this court. Mo. Const. Art. V, § 2. Under *Trzecki* and *Dorris,* the cause of action here originated in Indiana, the significant contacts rule is inapplicable, and under § 516.190, the Indiana Statute of Limitations applies. Plaintiff's claim is barred because it was not filed within two years of plaintiff's injuries. The trial court properly entered judgment on the pleadings in favor of defendant.

The judgment is affirmed.

HOGAN and FLANIGAN, JJ., concur.

MAUS, J., recused.