**Judy BIRDSELL and Douglass Glasscock, Appellants,**

v.

**HOLIDAY INNS, and Bruce Kent, and Bruce Kent, d/b/a Kent Hotel Company, a Partnership; Continental Management Company, Inc.; Continental Management Company, and K.C. Ks. Holiday Inn Towers, Appellees.**

No. 87–2272.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1988.

Decided Aug. 1, 1988.

Allan H. Bell, North Kansas City, Mo., for appellants.

Philip W. Bledsoe, Kansas City, Mo. for appellee Holiday Inns.

Jeffrey A. Burns, Kansas City, Mo., for appellee Kent.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and HANSON,[*] Senior District Judge.

BRIGHT, Senior Circuit Judge.

When a robbery took place at the Holiday Inn in Kansas City, Kansas on February 19, 1983, Stephen Birdsell, husband of plaintiff Judy Birdsell, was killed and plaintiff Douglass Glasscock injured. Exactly two years later, the period of time permitted to bring the action under the appropriate Kansas statute of limitations,[1] these parties filed diversity actions against defendants Holiday Inn and its manager Bruce Kent in the federal district court for the Western District of Missouri seeking damages for wrongful death (Birdsell) and injuries (Glasscock). Plaintiffs, however, did not serve the summons and complaint on defendants within ninety days as is necessary under Kansas commencement of action law[2] in order to toll the applicable statute of limitations.

On motion of defendants and relying on the Kansas commencement of actions statute, the district court dismissed the claims on grounds that failure to obtain service within ninety days rendered the filing date ineffective for the purpose of tolling the

---

[*] The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern District of Iowa, sitting by designation.

1. *See* Kan.Stat.Ann. § 60–513(a)(5) (Supp.1987).

2. *See* Kan.Stat.Ann. § 60–203 (1983).

statute of limitations, and thus, the statute of limitations barred the claims.

Plaintiffs Birdsell and Glasscock appeal. In so doing, Birdsell agrees that the Kansas wrongful death statute[3] and the two year limitations period for wrongful death actions applies to his action, and Glasscock acknowledges the applicability of Kansas tort law and statute of limitations to his personal injury action. Birdsell and Glasscock assert, however, that the filing of the action on February 19, 1985 fell within the two year limitations period because the commencement of action law of the forum —Missouri—provides that "an action is commenced by filing a petition in court",[4] and the plaintiffs had filed the action within the two year period.

The question for resolution then is whether the federal district court, as the forum court in Missouri, properly should have applied the law of Kansas relating to when an action is commenced to determine that the actions had not been brought in the allowable two year period set by the Kansas statute of limitations or whether the Missouri State rule of court (an action is brought when filed) should have applied to this case. Because Missouri deems law governing commencement of actions procedural, we apply the Missouri commencement of action law and thus reverse and remand the case for further proceedings.

## I. DISCUSSION

We note initially that a federal district court sitting in Missouri must apply Missouri's conflict of law principles. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477

**3.** *See* Kan.Stat.Ann. § 60–1901 *et seq.* (1983).

**4.** *See* Mo.R.Civ.P. 53.01.

**5.** Missouri has adopted the most significant contacts test as promulgated by Restatement (Second) of Conflicts of Laws § 145 (1971). *See, e.g., Kennedy v. Dixon*, 439 S.W.2d 173 (Mo. 1969) (en banc).

As stated in *Hicks v. Graves Truck Lines, Inc.*, 707 S.W.2d 439 (Mo.Ct.App.1986):

Under that [test], a choice of law is made based on the predominance of contacts with the state whose law is to prevail. The contacts to be taken into account are:

(1941). Missouri choice of law principles dictate the application of the Kansas wrongful death law, and tort law and to that the parties agree.[5]

This case does not present a conflicts of law question as to which state's statute of limitations should apply, for the State of Missouri, by its borrowing statute, has chosen the statute of limitations of the state where the cause of action has accrued. The borrowing statute reads:

Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

Mo.Ann.Stat. § 516.190 (Vernon Cumm. Supp.1988).

Thus, it is clear that conflict doctrine dictates application of Kansas substantive law, and the Missouri borrowing statute requires adoption of Kansas' two year statute of limitations. However, whether the borrowing statute demands a Missouri court adopt the Kansas commencement of action statute remains less clear.

While this issue could be analyzed from myriad angles, we believe the starting point must lie with Missouri's adherence to the well settled doctrine that a forum state applies its own law as to procedural matters. *See, e.g., Robinson v. Gaines*, 331 S.W.2d 653, 655 (Mo.1960). Further, Missouri applies its own law in determining whether a law is substantive or procedural. *Miller v. Haynes*, 454 S.W.2d 293 (Mo.Ct. App.1970).

"(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue."
*Id.* at 442 (quoting Restatement (Second) of Conflicts of Laws § 145 (1971)).

The Missouri Court of Appeals, which has written on the subject, has deemed commencement of an action procedural, and thus applied the Missouri commencement statute, while applying the substantive law and statute of limitations of a foreign state. *Kansas ex rel. American Steel Works v. Hartford Accident & Indem. Co.*, 426 S.W.2d 720 (Mo.Ct.App. 1968). In *Tri–City Construction Co. v. A.C. Kirkwood & Associates*, 738 S.W.2d 925 (Mo.Ct.App.1987), the Missouri Court of Appeals, while applying the Kansas statute of limitations, applied Missouri's law governing commencement of actions, terming commencement "a matter of procedure and * * * governed by Missouri law." *Id.* at 928.

The analysis in these cases draws some support from the Missouri Supreme Court's opinion in *Dorris v. McClanahan*, 725 S.W.2d 870 (Mo.1987) (en banc), where the majority noted that, although the statute of limitations of the state of Illinois applied to an automobile collision in Illinois in which a minor plaintiff of Missouri sustained injury and would bar the action if brought in Illinois, the forum state would also apply its minority tolling statute to the case. It refused to apply the dicta of *Devine v. Rook*, 314 S.W.2d 932 (Mo.Ct.App.1958), "that a foreign statute is 'not wrenched bodily out of its own setting,' but must be taken along with the case law which construes it and its companion statute." [6] *Dorris*, 725 S.W.2d at 872.

While this discussion should serve as a basis for resolution of this case, appellee Kent asserts and the district court held that the borrowing statute does not apply to the wrongful death statute which arises solely under Kansas statutory provisions.[7] This theory derives from *Malone v. Jackson*, 652 S.W.2d 170, 171 (Mo.Ct.App.1983).

Although the application of the borrowing statute to a wrongful death case has not been fully briefed, we entertain some doubt as to the validity of this proposition. In *Malone*, the Missouri court applied the forum statute of limitations to a Missouri plaintiff's action which originated in Tennessee but which proceeded under the Missouri wrongful death law. Because the action originated in Tennessee, the defendant unsuccessfully sought to apply the Tennessee one year statute of limitations by way of the borrowing statute.

The court held, however, that the borrowing statute did not apply to a case governed by the Missouri wrongful death law. While it appears to this court that *Malone* may limit the applicability of the borrowing statute in certain suits brought under Missouri law, it does not stand for the proposition that the borrowing statute of Missouri would not apply to a case brought under a *foreign* state's wrongful death statute. *See Harper v. Gibson*, 601 F.Supp. 156 (W.D.Mo.1985) (applying the borrowing statute to claims for wrongful death arising under Tennessee law.)

**6.** The district court cited *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, *reh'g denied*, 378 U.S. 839, 70 S.Ct. 33, 94 L.Ed. 513 (1949) and *Sananiero v. Safeway, Inc.*, 540 F.Supp. 749, 752 (D.Kan. 1982), to buttress its conclusion that a Missouri court would apply Kansas commencement law in tandem with the Kansas statute of limitations. *Ragan* and *Sananiero*, however, concern a federal district court's choice of federal versus state commencement of action statutes. They do not provide guidance in a case where the federal district court must choose the application of procedural statutes between two states. In *Ragan*, the Court applied Missouri commencement law rather than Rule 4 of the Federal Rules of Civil Procedure in order to prevent forum shopping between the federal and state systems and to insure the equitable administration of the law. A multitude of differing concerns may underlie state choice of law principles. In Missouri, these concerns include the needs of the interstate system, the relevant policies of the forums, the relevant policies of other interested states and the relative interest of these states in the determination of the issue. *See Nelson v. Hall*, 684 S.W.2d 350, 360 (Mo.Ct. App.1984). The Missouri most significant contacts test embodies these concerns. For the text of this test, *see, supra*, note 1.

The *Ragan* Court, choosing between state and federal commencement law, was animated by completely different policies than those which dictate choice of law questions between states. For that reason, both *Ragan* and its interpretive companion *Sananiero*, do not control this case.

**7.** Appellants appear not to quarrel with the district court's conclusion.

Assuming, without deciding, that the Missouri borrowing statute would not apply to the wrongful death claim, our conclusion remains unaltered that the Missouri commencement of action law applies.

As we have explained, the forum state of Missouri considers rules for commencement of actions to be procedural. Thus, it would apply its own rule.

A. Whether the Kansas statute of limitations bars the action under Missouri procedural law.

Notwithstanding our prior discussion, the question remains whether application of Missouri's commencement of action rule saves the case for the plaintiffs. The Missouri rules, as stated in *Tri–City Construction* and cases cited therein, require "due diligence" in service of process after filing of the petitions in order to toll the running of the statute of limitations in an action. In *Tri–City Construction,* the court noted:

> Many of the cases addressing the question of due diligence involve facts showing various times of delay and mitigating circumstances. In general, it may fairly be stated that reasons for delay are appropriately considered on a case by case basis, that there is no absolute time limitation to be applied in every case and that the question of what may or may not constitute diligence in procuring service of process is a matter for the trial court to determine.

*Tri–City Constr.,* 738 S.W.2d at 929 (footnote omitted).

## II. CONCLUSION

We follow this observation and now reverse and remand this case, leaving the issue of due diligence as a proper subject of inquiry and decision by the trial court in determining whether the filing of the cases in Missouri and subsequent service 118 days later saved the action from the statutory bar.