**Alfreda SIMS, et al., Appellants,**

v.

**ARVIN INDUSTRIES, et al.,
Respondents.**

No. WD 40957.

Missouri Court of Appeals,
Western District.

April 25, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
May 30, 1989.

Stanley L. Wiles, Kansas City, for appellants.

John F. Murphy, Robert T. Adams, Kansas City, for Arvin Industries.

Before KENNEDY, C.J., and
LOWENSTEIN and GAITAN, JJ.

KENNEDY, Chief Judge.

Alfreda Sims as plaintiff ad litem brought suit against Arvin Industries and 39th Street Home Center for the wrongful death of her five-year old grandson, Alphonso Sims, in a fire on November 4, 1984. The fire, according to the petition, was caused by a portable heater manufactured by Arvin Industries and sold by 39th Street Home Center.

The trial court dismissed the petition on the ground that the plaintiff ad litem was not entitled to bring the wrongful death action under Section 537.080, RSMo 1986, since decedent was survived by parents who under the statute were entitled to bring any wrongful death action for the child's death. The plaintiff ad litem has appealed.

**712**

■ The trial court was correct in his ruling and the judgment of dismissal is affirmed. The trial court's appointment of a plaintiff ad litem was not conclusive, as the plaintiff ad litem claims it was, on the question of the proper party to bring the action. Such appointment does not stand in the way of a later dismissal of the petition upon a determination that the plaintiff ad litem is not so entitled.

The parents of a decedent are in the first of three descending categories of persons who are entitled to bring a wrongful death action. Section 537.080(1), RSMo 1986. A plaintiff ad litem is in the third category. Section 537.080(3), RSMo 1986. A person in any authorized category may bring a wrongful death suit only if there are no persons in a prior category "entitled to bring the action". Section 537.080, RSMo 1986; *Schiles v. Gaertner,* 659 S.W.2d 791, 793 (Mo.App.1983); *Malone By and Through Alexander v. Jackson,* 652 S.W.2d 170, 171–72 (Mo.App.1983); *State ex rel. Research Medical Center v. Peters,* 631 S.W.2d 938, 946 (Mo.App.1982).

■ Plaintiff ad litem claims that the parents were not "entitled to bring the action" because the child had been removed from their custody by the juvenile court because of the parents' neglect and placed in the custody of the grandmother. Even delinquent parents, however, are entitled to bring a wrongful death action for the death of their child, and the legal entitlement of Alphonso Sims' parents to bring the action foreclosed the plaintiff ad litem's entitlement to bring the suit. *Glasco v. Fire and Casualty Insurance Company,* 709 S.W. 2d 550, 554 (Mo.App.1986); *Malone,* 652 S.W.2d at 171 n. 3; *see also Higgins v. Gosney,* 435 S.W.2d 653, 658 (Mo.1968).

Judgment affirmed.

All concur.