**William DAVIS and Regina Davis, Plaintiffs,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY and Gina M. Benzshawel, Defendants.**

**No. 4:93CV01527 GFG.**

United States District Court, E.D. Missouri, E.D.

Dec. 15, 1993.

Kenneth Brostron, Ronald R. McMillin, Carson and Coil, Jefferson City, MO, for plaintiffs.

Markus P. Cicka, St. Louis, MO, for Liberty Mut. Ins. Co.

Joseph P. Conran, Andrew J. Lay, Husch and Eppenberger, St. Louis, MO, Joel Goldman, Husch and Eppenberger, Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on defendants' motion to dismiss the complaint as time barred and for failure to state a claim. For the purposes of the motion before the Court, the record establishes the following. On January 20, 1989, William Davis, a Missouri citizen, was injured in Iowa during the course of his employment. He filed a workers' compensation claim in Missouri with defendant Liberty Mutual Insurance Company, his employer's insurer, pursuant to the Iowa Workers' Compensation Act (Act). The doctor who was treating Davis with Liberty Mutual's approval scheduled surgery for Davis for July 12, 1989.

Meanwhile, Davis's workers' compensation claim was transferred to a Liberty Mutual office in Iowa. On July 11, 1989, defendant Gina M. Benzshawel, an inexperienced agent in the Iowa office, cancelled the scheduled surgery and assigned a new doctor as the only doctor authorized to provide covered treatment for Davis. Liberty Mutual failed to inform the new doctor that he was the only authorized doctor to care for Davis and as a result he refused to examine and treat Davis between July 25, 1989, and October 9, 1989.

Davis's condition worsened and on December 4, 1989, he fell when his legs gave way. He was taken to the emergency room, whereupon Liberty Mutual authorized Davis's first doctor to treat him. Davis's inability to obtain proper treatment prior to this contributed to the severity of his progressive injuries.

Davis and his spouse initiated this action in state court in Jackson County, Missouri, on May 15, 1991. The suit was voluntarily dismissed on December 21, 1991, and refiled in another county in Missouri on June 4, 1992. Defendants then removed the action to this Court based on diversity of citizenship.

Davis seeks damages under theories of defendants' bad faith in constructively delaying or terminating his benefits and handling his claim (Count I); defendants' misrepre-

sentations (Count II); and defendants' tortious interference with Davis's patient/physician relationship with the first treating doctor (Count III). In Count IV, Davis's spouse seeks damages for loss of consortium.

■ The parties agree, and the Court concludes, that Iowa law applies to this action. *See Birdsell v. Holiday Inns*, 852 F.2d 1078, 1079 (8th Cir.1988) (in diversity action federal district court adopts choice of law rules of forum state; Missouri applies law of state with most significant relationship to occurrence and parties); *see also Ewing v. St. Louis–Clayton Orthopedic Group, Inc.*, 790 F.2d 682 (8th Cir.1986) (Missouri courts would look to Illinois's workers'· compensation law to ascertain whether action by worker injured in Illinois was barred).

■ Defendants' first argument that Davis's tort claims are barred by the exclusive-remedy provision in Iowa Code § 85.20 [1] is without merit. In *Boylan v. American Motorist Ins. Co.*, 489 N.W.2d 742 (Iowa 1992), the Iowa Supreme Court held the exclusive-remedy defense to an action for bad-faith refusal to pay workers' compensation benefits applies only to an employer and not to an employer's workers' compensation insurer. *See also Reedy v. White Consol. Indus., Inc.*, 503 N.W.2d 601 (Iowa 1993) (defense does not apply to self-insured employers). The Court concludes that the same principle would govern a claim such as Davis's of bad-faith in choosing medical care available to the injured employee.

Defendants' next argument is that this action is barred by the statute of limitations. The parties agree and the Court concludes that Iowa's two year statute of limitations for personal injury actions, Iowa Code § 614.-1(2), applies. *See Birdsell v. Holiday Inns*, 852 F.2d at 1079 (by its borrowing statute, Mo.Rev.Stat. § 516.190, Missouri chooses statute of limitations of state where cause of action accrued); *Finnegan v. Squire Publishing, Inc.*, 765 S.W.2d 703 (Mo.Ct.App. 1989) (for purposes of applying Missouri's

borrowing statute, action accrues where plaintiff sustained damages).

This action, filed on June 4, 1992, was beyond the two year limit. The Davises rely on Iowa's savings statute, § 614.10, which provides that "[i]f, after commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes [of the statute of limitations], be held a continuation of the first."

■ Alternatively they argue that although Iowa's statute of limitations applies, Missouri's savings statute, Mo.Rev.Stat. § 516.230, applies because the first action was filed in Missouri before the running of the Iowa statute. Section 516.230 allows a one-year renewal period "[if] the plaintiff therein suffer a nonsuit" in a timely-filed action.

The Court first concludes that the Iowa savings provision applies. In *Thompson v. Crawford*, 833 S.W.2d 868, 872 (Mo.1992) (en banc), the Missouri Supreme Court held that when borrowing the statute of limitations of a foreign state the applicable tolling provision of that state is borrowed as well: "When a [statute of limitations] is so borrowed, it is not wrenched bodily out of its own setting, but taken along with it are the ... companion statutes which limit and restrict its operation." *Id.* (cited case omitted). The Court concludes that the same reasoning applies to borrowing another state's savings provision along with its statute of limitations.

■ Under Iowa law plaintiffs claiming the benefit of § 614.10 have the burden of pleading and proving their freedom from negligence in the prosecution of the first suit. *Wilson v. Wright*, 189 N.W.2d 531, 532 (Iowa 1971); *Central Constr. Co. v. Klingensmith*, 256 Iowa 364, 127 N.W.2d 654 (1964). The Court will grant the Davises' request for an opportunity to amend their pleadings and supplement the record by affidavit or other-

---

1. Iowa Code § 85.20 provides:
    The rights and remedies provided [in Iowa's Workers' Compensation Act] for an employee on account of injury ... shall be the exclusive and only rights and remedies of such employee ... at

common law or otherwise, on account of such injury ... against:
    1. his or her employer; or
    2. any other employee of such employer....

wise to show that they are entitled to relief under Iowa Code § 614.10. Failure to do so will result in the dismissal of this action as time barred.

 Finally, the Court agrees with defendants that the complaint fails to state a claim for damages for tortious interference with Davis's relationship as patient with the first doctor authorized to treat him.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss the complaint is granted as to Count III and denied in all other regards.

**IT IS FURTHER ORDERED** that plaintiffs shall have up to and including January 3, 1994, to amend their pleadings and supplement the record to show why this action should not be dismissed as time barred.