Thomas C. KINDER, et al., Appellants,

v.

Ray E. PETERS, et al., Respondents.

No. 65258.

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1994.

John L. Sullivan, Dianne S. Johnson, St. Louis, for appellants.

Philip C. Denton, Michael J. Pitzer, St. Louis, for respondents.

CRIST, Judge.

Ricci and Daniel Massman (Massmans) appeal from the trial court's order denying their motion to intervene in a wrongful death action. We affirm.

Geraldine Kinder (Decedent) died on November 16, 1990. Decedent's spouse, Thomas C. Kinder, and Decedent's living children, Jennine Meyers, Frank Massman, Robert Massman and Bonnie Smith (Plaintiffs) filed a petition against Dr. Ray E. Peters, Ray E. Peters, Ltd., and Dr. John M. Bedwinek (Defendants) seeking damages for the wrongful death of Decedent pursuant to § 537.080, RSMo 1986. On October 26, 1993, Plaintiffs agreed to settle the wrongful death action for $350,000. The same day, the court entered a judgment in accordance with the settlement agreement which stated:

> This court does find that Thomas C. Kinder, Jennine Meyers, Frank Massman, Robert Massman, and Bonnie Smith are the sole existing persons entitled to sue or join in this action for the wrongful death of Geraldine Kinder, deceased.

On October 27, 1993, the Massmans, the children of a pre-deceased child of Decedent, filed a motion to intervene in the wrongful death action. On December 22, 1993, the court denied the Massmans' petition after a hearing.

■ The Massmans now appeal, alleging the court erred in denying their motion to intervene because they had an interest in the wrongful death claim as children of a predeceased child of a decedent, pursuant to § 537.080.1(1), RSMo Supp.1991. We disagree.

The current version of § 537.080.1 provides:

> Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:
>
> (1) By the spouse or children *or the surviving lineal descendants of any deceased children,* natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;
>
> (2) If there are no persons in class (1) entitled to bring the action, then by....

However, this section did not take effect until 1991 and Decedent passed away on November 16, 1990. Prior to this amendment, 537.080 RSMo 1986, provided a wrongful death action could be brought:

> (1) By the spouse or children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;
>
> (2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;
>
> (3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem. Such plaintiff ad litem shall be appointed by the court having jurisdiction over the action for damages provided in this section upon application of some person entitled to share in the proceeds of such action....

Plaintiffs, as the spouse and children of Decedent, are included in class (1) under both the 1986 and 1991 version of § 537.080. However, prior to the 1991 amendment, the Massmans were in the third category of persons entitled to bring a wrongful death action, rather than the first. "A person in any authorized category may bring a wrongful

death suit only if there are no persons in a prior category 'entitled to bring the action.' " *Sims v. Arvin Industries et al.,* 770 S.W.2d 711, 712[1] (Mo.App.1989) *citing,* § 537.-080(3), RSMo 1986. Therefore, under the 1986 version of § 537.080, the Massmans are not entitled to intervene in the wrongful death action.

 However, the Massmans argue the 1991 version of § 537.080 should be applied retroactively, so as to include them in the first class of persons entitled to bring a wrongful death action.

The Missouri Constitution prohibits the enactment of any law that is "retrospective in its operation." Article I, § 13. The Massmans correctly allege this prohibition does not apply to procedural or remedial laws which do not affect substantive rights. *Callahan v. Cardinal Glennon Hospital,* 863 S.W.2d 852, 872[46] (Mo. banc 1993); *State Bd. of Registration v. Warren,* 820 S.W.2d 564, 565[5] (Mo.App.1991). According to the Missouri Supreme Court, a law affects substantive rights if it " 'take[s] away or impair[s] vested rights acquired under existing laws, or create[s] a new obligation, impose[s] a new duty, or attach[es] a new disability in respect to transactions or considerations already passed.' " *State ex rel. St. Louis–San Francisco Ry. Co. v. Buder,* 515 S.W.2d 409, 410[2] (Mo. banc 1974) *citing, Barbieri v. Morris,* 315 S.W.2d 711, 714 (Mo.1958). On the other hand, procedural laws address how a cause of action is to be processed. *Doe v. Roman Catholic Diocese,* 862 S.W.2d 338, 341[4] (Mo. banc 1993).

We find § 537.080 deals with substantive rights, rather than procedural or remedial issues. First, Plaintiffs, as the sole members of class (1) under the 1986 law, have a vested right in the damages recovered from the wrongful death action. Their rights would be impaired if the 1991 law were to be applied retroactively, as their proportionate share of the damages award would be lessened. Further, applying the 1991 law retroactively would also impose an additional duty on the Defendants. At the time of Decedent's death, Defendants had no obligation to the Massmans, as they were not included in the class of persons entitled to bring a wrongful death action. Although the Massmans would be entitled to join in the wrongful death action under the 1991 version of § 537.080, applying this provision retroactively would change the substantive rights of the parties involved in violation of Article I § 13 of the Missouri Constitution. *See, Keller v. Crown Pest Control Supplies,* 646 S.W.2d 868, 869–70[2] (Mo.App.1983). Point denied.

Judgment affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.