Roger JOHNSON, Jr., a Minor, and Patricia L. Johnson, a Minor, by Next Friend Barbara WILKEN, Appellants,

v.

Sharon L. JONES and Tracy Lynn Weisner, Respondents.

No. WD 59992.

Missouri Court of Appeals, Western District.

Feb. 5, 2002.

Karen M. Hunt, Sedalia for appellants.

Kenneth J. Berra, Sedalia, for respondent Sharon L. Jones.

James C. Spangler, Sedalia, for respondent Tracy Lynn Weisner.

Before BRECKENRIDGE, P.J.,
ELLIS, J., and MARTIN, S.J.

PATRICIA BRECKENRIDGE, Judge.

Roger and Patricia Johnson appeal the dismissal of their wrongful death claim. The decedent was their sister, Tammy Salmons. Tammy, a twelve-year-old child, died after an automobile struck the bicycle she was riding. Roger and Patricia brought a wrongful death action against the driver of the automobile, Tracy Weisner, and the owner of the bicycle, Sharon Jones. The two defendants filed motions to dismiss, claiming that Roger and Patricia could not maintain their action under the wrongful death statute, § 537.080, RSMo 2000,[1] because the petition failed to allege that Tammy was not survived by a biological parent. The circuit court granted the defendants' motions to dismiss, with prejudice. On appeal, Roger and Patricia assert that Tammy was not survived by a biological parent entitled to bring a wrongful death action since Tammy's biological mother did not have contact with Tammy, effectively abandoning her, and she executed a consent for the termination of her parental rights. The facts alleged in Roger and Patricia's petition do not demonstrate that they are entitled to bring a wrongful death action because Tammy's biological mother is a person in a prior category entitled to sue under § 537.080.

Therefore, the judgment of the circuit court is affirmed.

**Factual and Procedural Background**

■ On August 4, 2000, Tammy Salmons, a twelve-year-old child, was riding a bicycle owned by Sharon Jones when an automobile driven by Tracy Weisner struck her. She died the next day. Tammy's biological mother was Carla Limback. Ms. Limback was not married at the time of Tammy's birth. The identity and whereabouts of Tammy's biological father are unknown and have not been legally determined.[2] At the time of her death, Tammy was living with foster parents, Carl and Barbara Wilken, after being removed from her mother's custody by the juvenile court due to abuse and neglect. She had been living with the Wilkens continuously for seven years. Tammy's brother and sister, Roger and Patricia, were also living with the Wilkens. Ms. Limback did not have contact with Tammy during the last seven years she lived with the Wilkens. Over a year prior to Tammy's death, Ms. Limback signed a consent to termination of parental rights and consent to adoption form.

After Tammy's death, Roger and Patricia brought a wrongful death action against Ms. Weisner and Ms. Jones.[3] In

1. All statutory references are to the Revised Statutes of Missouri 2000.

2. There is a factual dispute as to the identity of Tammy's biological father. Ms. Weisner and Ms. Jones alleged in their motions to dismiss that Roger and Patricia attached to their petition a consent to termination of parental rights and consent to adoption form signed by Roger Lee Johnson. That form included Tammy's name in the caption. Ms. Weisner and Ms. Jones asserted that this calls into question paragraph six of the petition which states, "the paternity of the biological father of the decedent minor, Tammy K. Salmons, is unknown, has not been legally determined, and his name and whereabouts are unknown to the Plaintiffs and their next

friend." The information in Mr. Johnson's form states that he was married to Ms. Limback when "the child" was born, but the information in Ms. Limback's form states that she was not married to Mr. Johnson when Tammy was born. Furthermore, Ms. Limback lists another man as the possible father of at least one of her children. On a motion to dismiss, the facts in the petition are taken as true. *Rosenfeld v. Thoele*, 28 S.W.3d, 446, 449 (Mo.App.2000). Therefore, this court will consider Ms. Limback as Tammy's only known biological parent.

3. Because Roger and Patricia were both minors, the action was filed by their next friend, Barbara Wilken.

separate motions to dismiss, Ms. Weisner and Ms. Jones alleged that Roger and Patricia were barred from bringing a wrongful death action under § 537.080, because Tammy was survived by a biological parent. Roger and Patricia countered that they were the proper plaintiffs, because even if Tammy was survived by her mother, Ms. Limback was not "entitled to bring the action." They alleged in their petition that Ms. Limback had effectively abandoned Tammy, and Ms. Limback signed a consent to termination of parental rights and consent to adoption form. Roger and Patricia attached a copy of this form to their petition. On the back of the form, there is a section for a judge to sign indicating that a judge has reviewed, accepted and approved the consent to termination of parental rights. This section is blank on the form that Ms. Limback signed. There also was no allegation that any court has reviewed, accepted and approved the termination of parental rights or that a court has entered a judgment terminating Ms. Limback's parental rights.[4]

After considering Ms. Weisner's and Ms. Jones' motions to dismiss, the court concluded that Ms. Limback is the proper plaintiff under the wrongful death statute. The court, therefore, granted Ms. Weisner's and Ms. Jones' motions to dismiss. This appeal followed.

### Standard of Review

 In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, this standard of review applies:

A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993) (internal citations omitted). To state a wrongful death claim, the facts alleged in the petition must demonstrate that the plaintiffs "are authorized to bring an action under the wrongful death statute." *Call v. Heard*, 925 S.W.2d 840, 850 (Mo. banc 1996).

### Biological Mother is the Proper Plaintiff Under Wrongful Death Statute

 In their sole point on appeal, Roger and Patricia argue that the circuit court erred when it granted Ms. Weisner's and Ms. Jones' motions to dismiss. Roger and Patricia claim that the petition pled facts proving that Ms. Limback is not entitled to bring a wrongful death action because she abandoned Tammy by providing no support and having no contact with her, and because she signed a termination of parental rights and consent to adoption form. Roger and Patricia contend that they are

---

4. At the hearing on Ms. Jones' motion to dismiss and to reconsider the grant of Ms. Weisner's motion to dismiss, the judge stated that "there was a Petition for Termination of Parental Rights pending and the natural parents had even consented, unfortunately, it had not yet happened." However, Roger and Patricia did not allege in their petition that there

was a pending petition for termination of parental rights. Because on review of a motion to dismiss this court only considers allegations in the petition, this court will not consider that there was a pending petition for termination of parental rights. *See Rosenfeld v. Thoele*, 28 S.W.3d, 446, 449 (Mo.App.2000).

the proper plaintiffs to bring the wrongful death action.

■ In Missouri, no cause of action for wrongful death existed at common law. *See State ex rel. Griffin v. Belt*, 941 S.W.2d 570, 572 (Mo.App.1997). Therefore, wrongful death actions are purely statutory. *Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993). Missouri's wrongful death statute, § 537.080, provides:

1. Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:

(1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

(2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;

(3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem. Such plaintiff ad litem shall be appointed by the court having jurisdiction over the action for damages provided in this section upon application of some person entitled to share in the proceeds of such action. Such plaintiff ad litem shall be some suitable person competent to prosecute such action and whose appointment is requested on behalf of those persons entitled to share in the proceeds of such action. Such court may, in its discretion, require that such plaintiff ad litem give bond for the faithful performance of his duties.

2. Only one action may be brought under this section against any one defendant for the death of any one person.

■ This statutory scheme creates a hierarchy for entitlement to bring a wrongful death action. First, individuals in category one are entitled to bring the action. If there are no individuals in category one entitled to sue, individuals in category two are entitled to bring the action. If there are no individuals in category one or two entitled to bring the action, individuals in category three are entitled to bring the action. "A person in any authorized category may bring a wrongful death suit only if there are no persons in a prior category entitled to bring the action." *Sims v. Arvin Indus.*, 770 S.W.2d 711, 712 (Mo.App. 1989). Therefore, this court must first determine whether there are class one beneficiaries who are entitled to sue in this case. *Griffin*, 941 S.W.2d at 572.

Ms. Weisner and Ms. Jones asserted in their motions to dismiss that Roger and Patricia failed to plead that Tammy was not survived by a biological parent. Ms. Weisner and Ms. Jones argue that Roger and Patricia's allegations do not establish that they were entitled to bring the action, because the existence of Ms. Limback, as a member of the first category, precludes the action by Roger and Patricia, who as siblings are members of category two. In response, Roger and Patricia assert that Ms. Limback is not entitled to sue under the wrongful death statute because she abandoned, neglected and failed to have contact with Tammy. Roger and Patricia also assert that Ms. Limback is precluded from suing under the wrongful death statute since she signed a termination of pa-

rental rights and consent to adoption form. Therefore, Roger and Patricia reason that there are no class one beneficiaries entitled to bring a wrongful death action, and they, as class two beneficiaries, are entitled to maintain the action.

This court addressed a similar claim that the biological parents' neglect and lack of custody of the decedent precluded their entitlement to bring a wrongful death action in *Sims,* 770 S.W.2d 711. In *Sims,* the grandmother, as plaintiff ad litem, brought a wrongful death action after the death of her five-year old grandson, Alphonso Sims. *Id.* at 711. At the time of his death, Alphonso was living with his grandmother. *Id.* at 712. Because of his parents' neglect, the juvenile court had placed Alphonso with his grandmother. *Id.* In determining whether Alphonso's grandmother or his parents were entitled to bring the action, the court held, "Even delinquent parents, however, are entitled to bring a wrongful death action for the death of their child, and the legal entitlement of Alphonso Sims' parents to bring the action foreclosed the plaintiff ad litem's entitlement to bring the suit." *Id.*

Similarly, in *Glasco v. Fire and Cas. Ins. Co.,* 709 S.W.2d 550 (Mo.App.1986), the biological father of the decedent had minimal contacts with the decedent prior to her death. Nevertheless, the court held that the biological father was "entitled to maintain a wrongful death action as a matter of law." *Id.* at 554. Furthermore, the court stated that the wrongful death statute does not describe the "circumstances under which a biological parent can commence a wrongful death action." *Id.* at 554. The court held that the issues of the

father's support and contact with the child concerned the damages to which he was entitled, not his right to bring the action. *Id.*

In this case, Tammy had been living with the Wilkens continuously for seven years. She was placed with the Wilkens because Ms. Limback neglected her. Following *Sims* and *Glasco,* the fact that Ms. Limback did not have contact with Tammy for a number of years is inconsequential to her right to bring the action. Her support and contact with Tammy concern the amount of damages she is entitled to recover, not her entitlement to bring the action.

 The plaintiffs next allege that Ms. Limback is precluded from maintaining a wrongful death action because she signed a consent to terminate parental rights and consent to adoption form. Simply signing a consent to terminate parental rights form does not terminate the rights and responsibilities of a parent. *See Taylor v. Taylor,* 47 S.W.3d 377, 385–88 (Mo. App.2001). For a valid termination of parental rights, there must be a properly filed petition, "the holding of a dispositional hearing and the appointment of a guardian [ad] litem." *Id.* at 386. The court must also find that the termination of parental rights is in the best interests of the child, and enter an order of termination. *Schleisman v. Schleisman,* 989 S.W.2d 664, 672 (Mo.App.1999). Here, the petition did not allege that any of these procedures occurred.[5] Thus, Ms. Limback's parental rights were not terminated.

5. It is not necessary to consider the effect of a court's review and acceptance of the termination of parental rights form under § 453.030 because the form Ms. Limback signed indicates that no judge has reviewed or accepted it, and the petition does not allege

that a judge has reviewed and accepted her consent to termination of parental rights. Furthermore, § 454.030.7 allows a parent to withdraw the consent any time until it has been reviewed and accepted by a judge.

Ms. Limback is a proper class one beneficiary. Therefore, Roger and Patricia, as class two beneficiaries, are precluded from maintaining their action. The judgment of the circuit court dismissing Roger and Patricia's petition is affirmed.

All concur.